UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOLDEN CREME DONUTS; TRUMAN CHAO and LYNN CHAO, AS CO-TRUSTEES OF THE TRUMAN FAMILY TRUST, DATED JUNE 17, 2002; and TRUMAN CHAO, an individual dba GOLDEN CREME DONUTS,<br><br>　　　　　Defendants.<br>_____/ | No. C 12-05656 LB<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT**<br><br>[ECF Nos. 12, 15] |

**INTRODUCTION**

Plaintiffs Irma Ramirez and Daren Heatherly are disabled individuals who allege that they were denied equal access to Defendants' Golden Creme Donuts store in San Rafael, California in violation of the Americans with Disabilities Act ("ADA") and California statutes. *See* Complaint, ECF No. 1.[1] Golden Creme moved to dismiss the federal claims as moot because they removed an inaccessible restroom from public use. *See* Motion to Dismiss ("MTD"), ECF No. 12. Plaintiffs moved to strike the motion to dismiss as premature under General Order 56, and they also opposed it. Opposition, ECF No. 13; Motion to Strike, ECF No. 15.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically generated page number at the top of the document.

C 12-05656
ORDER

The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b) and vacates the November 19, 2013 hearing. The court denies both motions and will address limited discovery in furtherance of an early summary judgment motion at the case management conference now set for December 12, 2013.

## STATEMENT

### I. ALLEGATIONS IN COMPLAINT ABOUT ACCESS

Plaintiffs visited Golden Creme on May 31, June 6, and July 12, 2012. Complaint ¶ 14. On their first visit, they encountered architectural barriers including "an entrance that did not have a level landing, narrow double doors (one panel being locked) and excessive door pressure . . . bolted down chairs an[d] tables . . . and various architectural barriers associated with access to and the facilities within Golden Creme's unisex restroom. *Id.* ¶¶ 15-18. Plaintiffs allege that they suffered "adverse experiences and detriment," including embarrassment. *Id.*

Plaintiffs returned to Golden Creme on June 6, 2012 and allegedly encountered the same barriers. *Id.* ¶ 20. They returned again on July 12, 2012. *Id.* ¶ 22. This time, the entry doors were open, but they still had difficulty eating because of the "bolted down tables and chairs." *Id.* ¶ 23.

Paragraph 25 of the complaint lists the difficulties Plaintiffs had with access at the entrance (no level landing, inaccessible entrance, excessive door pressure, and narrow doors), the dining area (lack of required 5% seating), path of travel (hallway door), and restrooms.

### II. PROCEDURAL HISTORY

Based on their experiences, on November 2, 2012, Plaintiffs filed suit against Golden Creme, alleging four claims: (1) denial of access by a public accommodation in violation of the ADA, 42 U.S.C. § 12101, *et seq.*; (2) denial of full and equal access in violation of California Civil Code §§ 54, 54.1, and 54.3; (3) denial of accessible sanitary facilities in violation of California Health and Safety Code § 19955, *et seq.*; and (4) denial of access to full and equal accommodations under the Unruh Civil Rights Act, California Civil Code § 51, *et seq. See* Complaint at 33-35. Golden Creme filed its answer on January 3, 2013. *See* ECF No. 6.

On March 26, 2013, this case was referred for mediation pursuant to General Order 56.[2] The parties attended a mediation session on September 30, 3013 with mediator Joel Franciosa. *See* Certification of Mediation, ECF No. 9; ADR Clerks Notice Appointing Mediator, ECF No. 8. The case did not settle. ECF No. 9.

On October 4, 2013, Golden Creme filed a motion to dismiss Plaintiffs, alleging that the ADA violations were moot because "the restroom that is the subject of this action is not operated for public use." Motion, ECF No. 12, at 2. Plaintiffs opposed the motion and moved to strike it. ECF Nos. 13, 15.

**ANALYSIS**

**I. MOTION TO DISMISS**

The complaint identifies different architectural barriers, including the entrance, dining area, and bathroom. It may be that the only remaining issue is the bathroom. Both parties suggest this. Defendants filed a declaration by the owner, saying in pertinent part: (1) "I do not know of any barriers that exist at the donut shop;" and (2) "[t]he restroom currently is closed to public use, and a sign is posted at the front entrance to that effect." Chao Decl., ECF No. 12-1 at 2. Plaintiffs also talk only about the bathroom:

> There were a number of architectural barriers, to wit: the entrance, dining area and unisex restrooms. What is at issue now is the unisex bathroom.

Opposition, ECF No. 13 at 2. Plaintiffs also filed some pictures, and it looks like the restroom is walled off. Exs. C & D, Sarantschin Decl., ECF No. 13-1 (also says that it is walled off and that a staff member told him that customers could not use the restrooms).

The first issue is that it is not clear from the papers that all claims are moot given that the complaint alleges other access issues. Plaintiffs' opposition could be construed as conceding that the only issue is the bathroom. It also could be construed as focusing on Defendants' argument about the bathroom. Both parties' motions are short with limited argument, and Defendants'

---

[2] This order establishes special pre-trial procedures for ADA cases, including early Rule 26 initial disclosures, provides for joint site inspections, and mandates early mediation. *See* N.D. Cal. General Order 56.

declaration is very short. Based on this, the court is reluctant to assume waiver of all issues about access except the bathroom, given that Plaintiffs' expert declaration references the allegedly non-compliant entrance and dining area. Sarantschin Decl., ECF No. 13-1 at 2. On this record, the court concludes that summary judgment is a better way of flushing out what facts are not in dispute.

The second issue is that remedying a violation by rendering a bathroom accessible more clearly establishes mootness than merely removing all access to the bathroom by anyone. That is because structural improvements are less likely altered. For this reason, courts readily conclude that successful remedial efforts moot ADA claims. *See, e.g. Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698, 774 (D. Or. 1997) (injunctive relief claims moot because "[t]he likelihood that – after the conditions have been brought into compliance – plaintiffs will again be subjected to these same (alleged) violations appears to be rather low. That is particularly true of structural modifications, which are unlikely to be altered in the future."). Courts routinely conclude that rendering bathrooms accessible moots ADA claims. See *Eiden v. Home Depot USA, Inc.*, No. CIVS04-977 LKK/CMK, 2006 WL 1490418, at *9 (E.D. Cal. May 26, 2006) (defendant mooted ADA claims by installing ADA-compliant bathroom stall door handle, repositioning installed toilet paper dispenser, and placing appropriate signage in mandated locations); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005) ( installation of grab rails by restaurant; found no basis to conclude that the challenged conduct would be repeated); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (granting summary judgment where there was no factual dispute that defendant's renovations brought it into compliance with the ADA)*; Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing as moot plaintiff's ADA claims predicated on alleged architectural barriers that had been physically corrected).

The court found no cases discussing explicitly whether denying everyone access to a bathroom moots ADA claims. Denying access altogether seems closer to a promise or policy that can be more easily changed than a permanent structural improvement. For example, promises to make improvements or policy changes are insufficient to moot claims for injunctive relief under the ADA. *See, e.g., Cupolo v. Bay Area Rapid Transit*, 5 F. Supp. 2d 1078, 1080 (N.D. Cal. 1997); *Clavo v.*

*Zarrabian*, No. SACV03864CJCRCX, 2004 WL 3709049, at *4 (C.D. Cal. May 17, 2004); *Watanabe v. Home Depot USA, Inc.*, No. CV025088RGKMCX, 2003 WL 24272650, at *4 n.2 (C.D. Cal. July 14, 2003). Similarly, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199 (1968) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)); *see also, Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, (2000). Voluntary cessation of illegal conduct does not render a challenge to that conduct moot unless "(1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992); *see also Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985) (quoting *Davis*, 440 U.S. at 631).

The question here is whether the fact record is sufficiently illuminated for the court to make the call on this issue – whether the removal is so permanent as to moot the ADA claim – on a motion to dismiss before even limited discovery. The Chao declaration – which states only that the restroom currently is closed to public use, and a sign is posted on the front door to that effect – is not enough. ECF No. 12-1 at 2. Plaintiffs' pictures provide more context that the bathroom may well be walled off entirely, but it is hard to tell with certainty from pictures and Plaintiffs' expert declaration whether it is a permanent removal that might render the ADA claim moot.

The court concludes that the limited factual record here does not support deciding the issue before any discovery. This result is appropriate given that the "burden for demonstrating mootness 'is a heavy one.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953)). The court has no doubt that an early summary judgment motion could be brought that addressed any factual issues about other access and provided the appropriate illumination about the status of the bathroom. The court will address the appropriate scope of discovery at the case management conference on December 12, 2013.

The court thus denies the motion to dismiss.

**II. MOTION TO STRIKE**

The court denies the motion to strike as moot.

**CONCLUSION**

The court DENIES the motion to dismiss and DENIES the motion to strike as moot. This disposes of ECF Nos. 12 and 15.

**IT IS SO ORDERED.**

Dated: November 15, 2013

_____
LAUREL BEELER
United States Magistrate Judge