UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY,<br><br>                    Plaintiffs,<br>        v.<br><br>GOLDEN CREME DONUTS, et al.,<br><br>                    Defendants.<br>_____/ | No. C 12-05656 LB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 39, 41] |

## INTRODUCTION

Plaintiffs Irma Ramirez and Daren Heatherly are disabled individuals who allege that they were denied equal access to Defendants' Golden Creme Donuts store in San Rafael, California in violation of the Americans with Disabilities Act ("ADA") and California statutes. *See* Complaint, ECF No. 1.[1] Now before the court are the parties' cross-motions for summary judgment. *See* Plaintiffs' MSJ, ECF No. 39; Defendants' MSJ, ECF No. 41. The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b), DENIES Plaintiffs' motion for summary judgment, and GRANTS Defendants' motion for summary judgment.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically generated page number at the top of the document.

**STATEMENT**

## I. ALLEGATIONS IN COMPLAINT ABOUT ACCESS

Plaintiffs first visited Golden Creme on May 31, 2012. Complaint ¶ 14. They encountered architectural barriers including "an entrance that did not have a level landing, narrow double doors (one panel being locked) and excessive door pressure . . . bolted down chairs an[d] tables . . . and various architectural barriers associated with access to and the facilities within Golden Creme's unisex restroom. *Id.* ¶¶ 15-18. Plaintiffs allege that they suffered "adverse experiences and detriment," including embarrassment. *Id.* Plaintiffs returned to Golden Creme on June 6, 2012, and allegedly encountered the same barriers. *Id.* ¶ 20. They returned again on July 12, 2012. *Id.* ¶ 22. This time, the entry doors were open, but they still had difficulty eating because of the "bolted down tables and chairs." *Id.* ¶ 23.

Paragraph 25 of the complaint lists the difficulties Plaintiffs had with access at the entrance (no level landing, inaccessible entrance, excessive door pressure, and narrow doors), the dining area (lack of required 5% seating), path of travel (hallway door), and restrooms.

## II. PROCEDURAL HISTORY

Based on their experiences, Plaintiffs filed suit against Defendants on November 2, 2012, alleging (1) denial of access by a public accommodation in violation of the ADA, 42 U.S.C. § 12101, *et seq.*; (2) denial of full and equal access in violation of California Civil Code §§ 54, 54.1, and 54.3; (3) denial of accessible sanitary facilities in violation of California Health and Safety Code § 19955, *et seq.*; and (4) denial of access to full and equal accommodations under the Unruh Civil Rights Act, California Civil Code § 51, *et seq.  See* Complaint ¶¶ 33-35.

On October 4, 2013, Defendants moved to dismiss the federal claims as moot on the grounds that the allegedly inaccessible restroom was no longer available for public use. *See* Motion to Dismiss, ECF No. 12. Plaintiffs opposed the motion and moved to strike it as premature under General Order 56. *See* Opposition, ECF No. 13; Motion to Strike, ECF No. 15. The court denied both motions, concluding that the issue of mootness could not be decided on the limited factual record that existed before discovery. *See* Order, ECF No. 18 at 5. The court reasoned that instead, "an early summary judgment motion could be brought that addressed any factual issues about other access and provided

the appropriate illumination about the status of the bathroom." *Id.* The parties filed cross motions for summary judgment on August 6, 2014. *See* Plaintiffs' MSJ, ECF No. 39; Defendants' MSJ, ECF No. 41.

## III. UNDISPUTED FACTS

In support of their motions of summary judgment, the parties filed a joint statement of undisputed facts. *See* Am. Joint Statement, ECF No. 38. Plaintiffs' counsel and counsel's expert confirmed that as of February 2013, Defendants had (1) replaced the entrance doors with an electric door opener, (2) replaced an existing dining table with an ADA-compliant table, and (3) installed appropriate ADA signage. *Id.* ¶¶ 5-6. Access to Golden Creme's restroom is Plaintiffs' sole remaining challenge. *Id.* ¶ 7. From at least 1986 through some date in 2013, a corridor with a door at each end connected the dining room and the restroom. *Id.* ¶ 8. In 2013, Defendants "walled off the corridor such that the restroom cannot be accessed by the public." *Id.* ¶ 9. The parties stipulate that "[t]here is now a permanent wall in place of the corridor door, such that no one can enter the corridor from the dining area." *Id.* ¶ 10.

## ANALYSIS

## I. PLAINTIFFS' ADA CLAIM IS MOOT

Plaintiffs and Defendants file cross motions for summary judgment on the issue of whether Plaintiffs' ADA claim is moot. Defendants argue that "[b]ecause the restroom is closed to the public, there is no reasonable grounds to believe that plaintiffs are about to be discriminated against, nothing to enjoin, and no effective relief that this court can grant to plaintiffs." Defendants' MSJ, ECF No. 41, at 10-11. Plaintiffs assert their restroom claim is not moot because "defendants' closure of the restroom to public use is a legally impermissible and invalid remediation of the architectural barriers within the restroom." Plaintiffs' MSJ, ECF 39-1 at 13. The court agrees with Defendants.

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In

particular, "to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a "real and immediate threat of repeated injury" in the future." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)) (footnote omitted).

"Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199 (1968) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)); *see also Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, (2000). Voluntary cessation of illegal conduct does not render a challenge to that conduct moot unless "(1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992); *see also Lindquist v. Idaho State Bd. of Corrs.*, 776 F.2d 851, 854 (9th Cir. 1985) (quoting *Davis*, 440 U.S. 625, 631 (1979)).

Because the restroom is now for employees only, the restroom is no longer a place of public accommodation and therefore not subject to the ADA. In *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), the Ninth Circuit addressed an ADA claim regarding a similar facility: the retail portion of defendant 7-Eleven was open to the public, but the employees-only restroom was not. *Id.* at 1048. The Ninth Circuit affirmed the district court's grant of summary judgment to 7–Eleven on plaintiff's claim that 7–Eleven violated the ADA by excluding him from the employees-only restroom because "such 'mixed-use' facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA." *Id.* at 1048. Put another way, "[a] plaintiff is not denied equal access to a restroom on account of his disability if non-disabled customers in the same position are denied access as well." *Louie v. Ideal Cleaners*, No. C 99-1557 CRB, 1999 WL 1269191, at *3 (N.D. Cal. Dec. 14, 1999).

Plaintiffs argue that because the California Retail Food Code requires Golden Creme to have a public bathroom, their ADA claim is not moot because "there is a very real possibility that defendants will have to reopen the restroom to the public in the future." *See* Opp'n to Defendants'

1 Motion, ECF No. 43, at 2-3 (citing Cal. Health & Safety Code § 114276(b)(1) ("A permanent food

2 facility shall provide clean toilet facilities in good repair for consumers, guests, or invitees when

3 there is onsite consumption of foods or when the food facility was constructed after July 1, 1984,

4 and has more than 20,000 square feet of floor space.")). According to Defendants, Golden Creme is

5 not required to have a public restroom under Cal. Health & Safety Code § 114276(f)(1), which

6 provides that

> any building that is constructed before January 1, 2004, that has a food facility that provides space for the consumption of food on the premises shall either provide clean toilet facilities in good repair for consumers, guests, or invitees on property used in connection with, or in, the food facility or prominently post a sign within the food facility in a public area stating that toilet facilities are not provided.

10 Cal. Health & Safety Code § 114276(f)(1) (emphasis added). As Plaintiffs' access consultant,

11 Rick Sarantschin, confirmed, a sign was posted at Golden Creme's entrance that states "NO

12 PUBLIC RESTROOM." Sarantschin Decl., ECF No. 40, ¶ 31.

13 Whether or not Golden Creme is required to have a public restroom is irrelevant, as the court is

14 not in the business of enforcing the California Retail Food Code. Plaintiff's ADA claim regarding

15 access to the restroom is moot because it is undisputed that "[t]here is now a *permanent* wall in

16 place of the corridor, such that no one can enter the corridor from the dining area." Am. Joint

17 Statement, ECF No. 38 at ¶ 10 (emphasis added). As such, there is no "real and immediate threat of

18 repeated injury" from the restroom in the future, and Plaintiffs' claim is moot. *Chapman*, 631 F.3d

19 at 946.

20 Because Plaintiffs' sole remaining ADA claim is moot, Defendants are entitled to summary

21 judgment. *See Heatherly v. Malika*, No. C-11-04125 DMR, 2013 WL 5754106, *1 (N.D. Cal. Oct.

22 23, 2013) ("[T]he only remedy available for a violation of the ADA under a private right of action is

23 injunctive relief; if no ADA violations exist at the time the court is asked to provide injunctive relief,

24 the ADA claim is moot.") (citing *Wander v. Kaus*, 304 F.3d 856, 860 (9th Cir. 2002)).

25 **II. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER**
26 **THE REMAINING STATE LAW CLAIMS**

27 Defendants urge the court to dismiss the Complaint in its entirety pursuant to 28 U.S.C.

28 § 1367(c)(3), which allows a district court to decline to exercise supplemental jurisdiction over

1  related state law claims where it "has dismissed all claims over which it has original jurisdiction.

2  While courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997).

Upon consideration of these factors and the court's dismissal of Plaintiffs' sole federal claim is moot, the court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the state law claims are dismissed without prejudice.

## CONCLUSION

The court DENIES Plaintiffs' motion for summary judgment on the ADA Claim and GRANTS Defendants' motion for summary judgment. Plaintiffs' state law claims are DISMISSED without prejudice to refiling in state court. This disposes of ECF Nos. 39 and 41.

**IT IS SO ORDERED.**

Dated: September 17, 2014



LAUREL BEELER
United States Magistrate Judge